## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH HENDERSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-4054** |
| | : | |
| **MARY ELLEN KARDOSH,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

**YOUNGE, J.**                                                            **DECEMBER 14, 2023**

 Plaintiff Joseph Henderson, who is proceeding *pro se*, has initiated this civil rights action

by filing a "Notice of Removal of Action," which this Court will construe as his Complaint filed

pursuant to 42 U.S.C. § 1983.[1]  For the following reasons, the Court will dismiss Henderson's

Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] In light of Henderson's *pro se* status and the United States Court of Appeals for the Third
Circuit's policy of considering pleadings based on their substance rather than their title, *see
Garrett v. Wexford Health*, 938 F.3d 69, 81 n.17 (3d Cir. 2019) (citing *Lewis v. Att'y Gen.*, 878
F.2d 714, 722 n.20 (3d Cir. 1989) ("A pleading will be judged by its substance rather than
according to its form or label.") (quoting 5 C. Wright & A. Miller, *Federal Practice and
Procedure* § 1286 (1969)), *cert. denied,* 140 S. Ct. 1611 (2020), the Court concludes that this
filing constitutes Henderson's Complaint.
 To the extent that Henderson seeks "to transfer his child custody case to Federal
Jurisdiction" (*see* Compl. at 5), as the Court has determined that Henderson's claims are not
plausible, there is no basis for this request.  Furthermore, in *Younger v. Harris*, 401 U.S. 37
(1971), the United States Supreme Court established a principle of abstention when federal
adjudication would disrupt an ongoing state court proceeding.  *Yang v. Tsui*, 416 F.3d 199, 202
(3d Cir. 2005) (discussing *Younger*).  "*Younger* abstention is only appropriate in three types of
underlying state cases:  (1) criminal prosecutions, (2) civil enforcement proceedings, and (3)
civil proceedings involving orders in furtherance of the state courts' judicial function."  *PDX N.,
Inc. v. Comm'r New Jersey Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020)
(internal quotations omitted).  *Younger* abstention "is premised on the notion of comity, a
principle of deference and 'proper respect' for state governmental functions in our federal
system."  *Evans v. Court of Common Pleas, Delaware Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir.
1992).  The specific elements that warrant abstention are that "(1) there are ongoing state
proceedings that are judicial in nature; (2) the state proceedings implicate important state

## I.  FACTUAL ALLEGATIONS

Briefly stated, Henderson alleges that his due process rights have been violated during an ongoing state court child custody dispute concerning his children in the Chester County Court of Common Pleas.[2]  (Compl. (ECF No. 2) at 2.)[3]  Specifically, Henderson asserts the violation of his rights protected by the First, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution.[4]  (*Id.* at 1, 4.)

_____

interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

The custody decision is clearly a state court judicial function.  It also appears that custody proceedings are ongoing and, presumably, will continue until Henderson's children reach the age of majority.  Finally, the custody of minor children implicates important state interests, and the state proceedings afford adequate opportunities to raise Henderson's federal claims.  *Accord*, *Wattie-Bey v. Att'y Gen.'s Off.*, 424 F. App'x 95, 96 (3d Cir. 2011) ("The District Court was correct that *Younger* abstention principles dictated dismissal of the complaint, at least with regard to appellants' claims for prospective injunctive and declaratory relief based on alleged violations of their constitutional rights in the ongoing state court custody proceedings."); *Anthony v. Council*, 316 F.3d 412, 418-19 (3d Cir. 2003) (applying *Younger* abstention to a challenge to a state-court custody order because state "courts are charged with monitoring, enforcing and modifying the child support obligations" throughout the duration of the child support order); *Lyman v. Phila. Ct. of C.P.*, No. 16-5191, 2017 WL 2813228, at * 4 (E.D. Pa. June 29, 2017) ("The Third Circuit has held that federal claims arising out of state child custody proceedings may implicate both the *Rooker-Feldman* doctrine and *Younger* abstention.").

[2] Henderson avers that the child custody dispute has been ongoing since August of 2020. (Compl. at 2.)

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

[4] Henderson also cites several federal criminal statutes, including 18 U.S.C. §§ 241 and 242. (Compl. at 7, 19.)  These sections establish criminal liability for certain deprivations of civil rights and conspiracy to deprive civil rights.  However, a plaintiff cannot bring criminal charges against a defendant through a private lawsuit, and these sections do not give rise to a civil cause of action.  *See Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001) (stating that civil claims brought under §§ 241 and 242 are "unmeritorious because those statutes do not create a civil cause of action enforceable by the Plaintiff"); *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992) (same, citing *U.S. ex rel. Savage v. Arnold*, 403 F. Supp. 172 (E.D. Pa. 1975)); *see also United States v. Philadelphia*, 644 F.2d 187, 201 (3d Cir. 1980) (holding that neither these sections, nor the Fourteenth Amendment itself "create in the government a right to maintain this action" for a civil injunction remedy) (overruled on other grounds as recognized in

Henderson identifies Defendants William and Mary Ellen Kardosh as the maternal grandparents of his children.  (*Id.* at 2.)  He also identifies Defendant Jennifer A. Fink, Esquire as an attorney who represents the Kardoshs as third party intervenors in the custody dispute involving his children.  (*Id.* at 3; ECF No. 2-1 at 2.)  Finally, Henderson names Louis A. Mincarelli, a judge for the Chester County Court of Common Pleas, in his individual and official capacities. (*Id.* at 1, 4.)  Judge Mincarelli has presided over custody litigation involving Henderson's minor children, including a hearing on October 5, 2023.  (*Id.* at 4-6.)

At the October 5, 2023 hearing, it appears that Judge Mincarelli awarded sole custody of Henderson's children to their maternal grandparents, the Kardoshs.  (*Id.*)  Henderson avers that Judge Mincarelli "under the color of law took away [his] Constitutional Rights . . . by unlawfully taking minor children from Biological Parents and . . . giving sole custody to a Third Party."  (*Id.* at 4.)  Henderson asserts that his Fifth and Fourteenth Amendment due process rights were violated when he was denied his right to counsel and an opportunity to submit evidence at the hearing.  (*Id.* at 4, 12-13.)  Henderson further submits that he underwent a drug screen in violation of his Fourth Amendment rights.  (*Id.* at 4.)  He contends that the Defendants "knowingly and willingly weaponized the court system with the intent of taking custody of minor children from **fit** parents."  (*Id.* at 3.) (emphasis in original).

Henderson seeks custody of his children.  (*Id.* at 20.)  Henderson also requests that this Court set aside the state court custody award issued by Judge Mincarelli on October 5, 2023, and direct Judge Mincarelli "to refrain from taking any further actions against [him] and the Mother of his children."  (*Id.*)

---

*Jones v. Sussex Corr. Inst.*, 725 F. App'x 157, 160 (3d Cir. 2017)).  Accordingly, to the extent Henderson seeks to assert claims pursuant to these statutes the claims are dismissed.

## II.     STANDARD OF REVIEW

Henderson was previously granted leave to proceed *in forma pauperis*.  (ECF No. 5.)

Accordingly, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the

Complaint must be dismissed if it fails to state a claim. Whether a complaint fails to state a claim

under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss

under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236,

240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the

litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all

reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally

construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*,

12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir.

2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Henderson is

proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185

(3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.     DISCUSSION

Henderson alleges that his constitutional rights have been violated.  The vehicle by which

federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a

claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was committed by a

person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Whether a

defendant is acting under color of state law— i.e., whether the defendant is a state actor—

4

depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Pursuant to § 1983, action under color of state law requires that the one liable under that statute have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011). However, "purely private acts which are not furthered by any actual or purported state authority are not acts under color of state law." *Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994).

Henderson cannot maintain his federal constitutional claims against the Kardoshs, or their attorney, Fink, because none of them are state actors for purposes of § 1983. *See, e.g., Hepfl v. Boot*, No. 21-64, 2021 WL 1701801, at *2 (W.D. Pa. Apr. 8, 2021), *report and recommendation adopted*, 2021 WL 1700043 (W.D. Pa. Apr. 29, 2021) (dismissing *pro se* plaintiff's § 1983 claims against his ex-girlfriend (and the mother of his child) on the basis that she was a private individual and not a state actor); *Massey v. Crady*, 2018 WL 4328002, at *6 (W.D. Pa. Aug. 8, 2018) ("Private citizens ... are not state actors, and therefore ... any § 1983 claims against [them] should be dismissed."); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999)

("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him."). Accordingly, Henderson's claims against the Kardoshs and Fink will be dismissed with prejudice.

Henderson's claims against Judge Mincarelli will also be dismissed with prejudice because they are barred by absolute judicial immunity. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (citations omitted). Moreover, "[i]mmunity will not be forfeited because a judge has committed 'grave procedural errors,' or because a judge has conducted a proceeding in an 'informal and *ex parte*' manner', . . . [or] because the judge's action is 'unfair' or controversial." *Gallas*, 211 F.3d at 769 (citations omitted). A judge will be subject to liability only "when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (quoting *Stump*, 435 U.S. at 356-57). "Generally, . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Henderson's claims against Judge Mincarelli arise from his involvement in custody proceedings concerning Henderson's minor children.  In particular, Judge Mincarelli presided over an October 5, 2023 hearing, made rulings as to the admissibility of evidence, and ultimately issued an order with respect to custody.  All of the Complaint's allegations about Judge Mincarelli concern acts that he took in his judicial capacity.  There are no facts suggesting that Judge Mincarelli acted in the absence of all jurisdiction to negate judicial immunity.  Accordingly, the claims against him must be dismissed.[5]

---

[5] In filing his Complaint, Henderson indicated that he also seeks to bring his claims against Judge Mincarelli in his official capacity.  (Compl. at 1.)  Any official capacity claims against Judge Mincarelli are really claims brought against the Commonwealth of Pennsylvania because Judges of the Court of Common Pleas are considered officials of the Commonwealth.  *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005).  State officials may be sued in their official capacities where the plaintiff seeks prospective injunctive relief to stop an ongoing violation of federal law.  *See Ex parte Young,* 209 U.S. 123 (1908); *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).  Courts reason that injunctions against state officials actively violating federal laws are "'necessary to vindicate the federal interest in assuring the supremacy of that law,'" despite the Eleventh Amendment's prohibition against suits against the state.  *Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)).  In *Koslow*, the Third Circuit held that because "the Eleventh Amendment has not been interpreted to bar a plaintiff's ability to seek prospective relief against state officials for violations of federal law," a plaintiff may sue a state official for ongoing violations of the Americans with Disabilities Act.  *Id.* at 178.  Here, however, because the *Younger* abstention doctrine applies, the official capacity claim against Judge Mincarelli may not proceed.

**IV.      CONCLUSION**

For the foregoing reasons, the Court will dismiss Henderson's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Leave to amend will not be given as any attempt to amend would be futile.  *See Grayson v. Mayview State Hosp*., 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile.")  An appropriate Order follows.

**BY THE COURT:**

/s/ John Milton Younge

**JOHN M. YOUNGE, J.**